# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                Plaintiff,<br><br>   vs.<br><br>CHRISTOPHER RISDON,<br><br>                               Defendant. | CASE NO. 18cr4218-LAB<br><br>**ORDER DENYING MOTION FOR REDUCTION OF SENTENCE [Dkt. 319]** |

      On September 9, 2019, this Court sentenced Defendant Christopher Risdon to 60 months imprisonment and five years of supervised release for conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 846.  Defendant now moves for a reduction in sentence under 18 U.S.C. § 3582(c), arguing that the coronavirus pandemic warrants a modification of his sentence.

      Under 18 U.S.C. § 3582(c)(1)(A), a court may, in certain circumstances, grant a defendant's motion to modify his or her term of imprisonment.  Before filing such a motion, the defendant must first petition the Bureau of Prisons ("BOP") to file such a motion on his or her behalf.  A court may grant the defendant's own motion for a modification in sentence only if the motion was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf" or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  *Id.*

If the exhaustion requirement is met, a court may modify or reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the Court finds, as relevant here, that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* The Defendant bears the burden to establish that he or she is eligible for a sentence reduction. *United States v. Holden*, 2020 WL 1673440, at *3 (D. Or. 2020)

Risdon has not satisfied the exhaustion requirement here. There is no indication in his motion that Risdon has petitioned the warden of his facility, FCI Lompoc, for compassionate relief. *See* Opposition at 3. Because the exhaustion requirement is jurisdictional, this Court lacks authority to grant Risdon's motion at this stage. *See United States v. Reid*, 2020 WL 1904598, at *4 (N.D. Cal. 2020) ("The Court cannot forgive the failure to exhaust, and without exhaustion, the Court lacks jurisdiction over the motion.").

In any event, the Court would deny Risdon's motion on the merits. Risdon, who is 48 years old, claims to suffer from "[four] of the six conditions named by the CDC as putting people at risk for COVID-19." Motion at 1. Although he does not state which conditions he suffers from, the government has reviewed Risdon's medical records and confirms that he suffers from Type 2 diabetes and cardiomyopathy due to hypertension, both of which place him at heightened risk of suffering complications from the coronavirus.

Although Risdon's underlying conditions would ordinarily counsel in favor of granting relief, the fly in the ointment here is that Risdon has *already* contracted coronavirus. According to the government, Risdon's medical records show that he tested positive for coronavirus on May 8, 2020. He initially reported several mild symptoms, including cough, shortness of breath, muscle pain, fatigue, sore throat, a loss of taste and smell, and chills. Since that time, however, his condition has improved and he is now asymptomatic. Without putting too fine a point on it, the Court would be inclined to release Risdon only if he still faced an imminent threat of contracting coronavirus. Having already contracted the virus, and without any indication that FCI Lompoc somehow lacks the ability to manage his

treatment, there is no basis to grant Risdon's release. Indeed, granting his release would likely result in him spreading the virus to other individuals in the community, which obviously counsels against granting his release. Further, Risdon has served just eight months of his 60-month mandatory minimum sentence, and the section 3553(a) factors still cut in the same direction they did at the time of sentencing.

Risdon's motion for a reduction in sentence under 18 U.S.C. § 3582(c) is **DENIED** on the merits and for failure to exhaust administrative remedies.

**IT IS SO ORDERED**.

Dated: May 20, 2020

**HONORABLE LARRY ALAN BURNS**
Chief United States District Judge